## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MISGANU T. ANSA,                               )
                                               )
                               Plaintiff,      )
                                               )
v.                                             )        Case No. 18-cv-2426-CM-TJJ
                                               )
STATE FARM MUTUAL AUTOMOBILE                   )
INSURANCE COMPANY,                             )
                                               )
                               Defendant.      )

## REPORT AND RECOMMENDATION

## NOTICE

Within fourteen (14) days after being served with a copy of this Report and

Recommendation, any party, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2),

may file written objections to this Report and Recommendation.  A party must file any

objections within the fourteen-day period if that party wants to have appellate review of the

proposed findings of fact, conclusions of law, or recommended disposition.  If no objections are

timely filed, no appellate review will be allowed by any court.

## I.      Background

On October 4, 2018, District Judge Carlos Murguia referred Plaintiff's Motion to

Remand to State Court (ECF No. 8) to the undersigned Magistrate Judge for a report and

recommendation.  After reviewing the motion and the responsive briefs, the Court recommends

that the district judge deny the motion.

On June 15, 2018, Plaintiff filed his petition in the District Court of Wyandotte County,

Kansas, seeking payment of uninsured motorist benefits under an automobile liability policy

1

issued by Defendant.  Plaintiff's petition demanded damages in the amount of $50,000. However, in his August 15, 2018 answers to interrogatories propounded by Defendant, Plaintiff stated he is seeking damages in excess of $75,000.00.[1]  On August 17, 2018, Defendant filed its notice of removal, asserting diversity jurisdiction.

Plaintiff filed a notice of remand, asserting the amount in controversy does not exceed $75,000.00.[2]  Defendant opposes the motion, citing Plaintiff's sworn interrogatory answer mentioned above.  In reply, Plaintiff attached an amended interrogatory answer stating he has reduced his claim to "$50,000.00 in damages and attorney's fees not to exceed $25,000.00."[3]

## II.    Standard

The removing party bears the burden of showing that jurisdiction is proper in federal court.[4]  Because federal courts are courts of limited jurisdiction, the law imposes a presumption

---

[1] Interrogatory No. 21 directs Plaintiff to "[s]tate the amount of money you claim from this defendant as a result of the occurrence described in your petition, including all claims for attorney's fees."  Plaintiff answered as follows: "$75,000.00 plus attorney fees, which can only be determined at the conclusion of the matter."   ECF No. 9-2 at 9.

[2] Plaintiff also noted Defendant did not file its notice of removal within 30 days after receiving Plaintiff's petition, citing 28 U.S.C. § 1446(b)(1).  Plaintiff fails to acknowledge the removal statute provides an alternative deadline of "30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).  Plaintiff's interrogatory answer is the "other paper" from which Defendant could ascertain the case is removable.

[3] ECF No. 10-1 at 1.

[4] *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) (citation omitted).

2

against removal and the Court narrowly construes removal statutes.[5]   The Court is mindful that "[d]oubtful cases must be resolved in favor of remand."[6]

In its notice of removal, Defendant alleges jurisdiction under 28 U.S.C. § 1332(a), which provides original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."[7]   In this case, because Plaintiff's petition does not allege the matter in controversy meets the jurisdictional amount, Defendant must show by a preponderance of evidence that the jurisdictional threshold is met.[8]   Interrogatory answers may suffice to provide evidence of the amount of the matter in controversy.[9]   If the removing defendant meets this burden, uncertainty about whether damages will exceed the threshold does not justify remand for lack of jurisdiction.[10]   "Only if it is 'legally certain' that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendant's) will be less than the jurisdictional floor may the case be dismissed."[11]

Jurisdiction is determined as of the time of removal.  A plaintiff may not "force remand of an action after its removal from state court by amending the complaint to destroy the federal

---

[5] *Ortiz v. Biscanin*, 190 F. Supp. 2d 1237, 1241 (D. Kan. 2002).

[6] *Thurkill v. The Menninger Clinic, Inc.,* 72 F. Supp. 2d 1232, 1234 (D. Kan. 1999) (citing *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995)).

[7] 28 U.S.C. § 1332(a).

[8] *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008).

[9] *Id.* at 954.

[10] *Id.* at 955.

[11] *Id.*

court's jurisdiction over the action.  Instead, the propriety of removal is judged on the complaint as it stands at the time of removal."[12]  "If the plaintiff could, no matter how bona fide his original claim in the state court, reduce the amount of his demand to defeat federal jurisdiction the defendant's supposed statutory right of removal would be subject to the plaintiff's caprice."[13]

## III.    Analysis

Plaintiff contends the court lacks jurisdiction because he amended his interrogatory answer to "correctly state" damages of $50,000.00 plus attorney's fees which are "unlikely to exceed $25,000.00 in this fairly standard motor vehicle liability claim."[14]  Plaintiff served his amended interrogatory answer on September 18, 2018, one month after Defendant filed its notice of removal.

Plaintiff's argument fails to acknowledge or address the legal principle that jurisdiction attaches at the time defendant files a notice of removal, and federal court jurisdiction is not stymied by a plaintiff's later reduction in the amount of claimed damages.  "[I]t is well settled that the district court's diversity jurisdiction attaches at the time of removal and cannot be

---

[12] *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488-89 (10th Cir. 1991) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)).

[13] *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938).

[14] ECF No. 10 at 1.  If the issue of timing were not present, the undersigned Magistrate Judge would recommend granting Plaintiff's motion to remand.  On the present record, Defendant would not have met its burden to prove by a preponderance of the evidence that Plaintiff's attorney's fees would exceed the amount of $25,000.00 necessary to meet the jurisdictional requirement.  *See Johnson v. The Travelers Indem. Co.*, No. 12-2491-CM, 2012 WL 4887445, at *2-3 (D. Kan. Oct. 15, 2012).

divested if plaintiff later amends the complaint to reduce the amount in controversy."[15]

Accordingly, the undersigned Magistrate Judge will recommend that Plaintiff's motion to remand be denied.

## **RECOMMENDATION**

**IT IS THEREFORE RECOMMENDED THAT** Plaintiff's Motion to Remand to State Court (ECF No. 8) be DENIED.

Respectfully submitted.

Dated this 30th day of October, 2018, in Kansas City, Kansas.

_____
Teresa J. James
U. S. Magistrate Judge

---

[15] *Berning v. Crop Prod. Servs., Inc.*, No. 11-2359-EFM, 2011 WL 3704710, at *2 (D. Kan. Aug. 23, 2011) (citing 14A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3702.4 (4th ed. 2011) and multiple cases from the District of Kansas).